ROY G. DOWDY, PLAINTIFF EMPLOYEE v. FIELDCREST MILLS, INC., DEFENDANT EMPLOYER

No. 8210IC52

(Filed 7 December 1982)

**Master and Servant §§ 68, 91— byssinosis—time of disability—statute of limitations**

  Plaintiff was disabled within the meaning of G.S. 97-58(c) when he was forced to retire from work because of byssinosis on 1 March 1976, not when he was informed by a doctor in 1974 that he should file a claim for byssinosis, and his claim for disability from byssinosis filed on 24 February 1978 was thus not barred by the two-year statute of limitations of G.S. 97-58(c).

APPEAL by defendant from opinion and award by the North Carolina Industrial Commission filed 29 September 1981. Heard in the Court of Appeals 8 November 1982.

Plaintiff filed a claim with the Industrial Commission on 24 February 1978 for byssinosis. Evidence showed that from 1936 to 1968 he worked for Dan River Mills in Danville, Virginia in the card room and was exposed to cotton dust. From 1968 until March, 1976, plaintiff worked for the defendant as a card grinder and was exposed to cotton dust.

Plaintiff first saw a doctor because of his breathing problems in February, 1973. Examination by Dr. Mario C. Battigelli showed that plaintiff was suffering from an obstructive lung disorder. Plaintiff was told that his breathing problem was related to the dust at his work but no diagnosis of byssinosis was made at that time.

During June, 1974, Dr. Joseph G. Springer, the defendant's medical examiner, recommended to the plaintiff that he file a claim for byssinosis. He did not do so at that time. Springer told plaintiff before 1976 that he had byssinosis and brown lung. Plaintiff could not work a normal shift in 1974 and 1975 and was hospitalized at times because of his breathing problems. He eventually quit his job on 1 March 1976 because of his health problems.

On 30 May 1978, the defendant filed a motion to dismiss based on the two-year statute of limitations to file claims under G.S. 97-58(c). This motion was denied by Chairman William H. Stephenson and the appeal dismissed by the Full Commission.

After two hearings in 1980 before deputy commissioners, Deputy Commissioner Ben A. Roney entered an Opinion and Award on 14 April 1981 awarding the plaintiff $20,000 in benefits on the basis of damage to his lungs. Both parties appealed to the Full Commission.

On 29 September 1981, the Full Commission vacated and set aside the Opinion and Award of Deputy Commissioner Roney. It determined that the plaintiff was entitled to total disability benefits from the date of his retirement for his lifetime because of his byssinosis. Defendants appealed to this Court. Plaintiff filed cross assignments of error.

*Michaels and Jernigan, by Leonard T. Jernigan, Jr., for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan and Caroline Hudson, for defendant appellant.*

ARNOLD, Judge.

The sole issue on this appeal is whether plaintiff filed his claim within the statute of limitations. G.S. 97-58(c) states in part:

> The right to compensation for occupational disease shall be barred unless a claim be filed with the Industrial Commission within two years after death, disability, or disablement as the case may be.

Under G.S. 97-55, disability is defined as "the state of being incapacitated as the term is used in defining 'disablement' in G.S. 97-54." G.S. 97-54 defines disablement in cases like this one to be "equivalent to 'disability' as defined in G.S. 97-2(9)." G.S. 97-2(9) then defines disability as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." In this context, disability refers "not to physical infirmity but to a diminished capacity to earn money." *Wood v. Stevens & Co.*, 297 N.C. 636, 651, 256 S.E. 2d 692, 701 (1979) and cases cited therein.

In *Taylor v. Stevens & Co.*, 300 N.C. 94, 265 S.E. 2d 144 (1980), the court dealt with this issue and concluded that

> Time begins running when an employee has suffered: (1) injury from an occupational disease which (2) renders the employee incapable of earning the wages the employee was receiving at the time of the incapacity by injury.

300 N.C. at 98-99, 265 S.E. 2d at 147. We find that plaintiff was disabled within the meaning of *Taylor* and the Workers' Compensation Act when he was forced to retire in 1976. This conclusion is in agreement with finding of fact fourteen in the opinion and award that is the subject of this appeal.

Defendant argues, however, that the claim was not timely because *Taylor* further states "with reference to occupational diseases the time within which an employee must give notice or file claim begins to run when the employee is first informed by

competent medical authority of the nature and work-related cause of the disease." 300 N.C. at 102, 265 S.E. 2d at 149. We agree with this statement of the law but believe that it was meant only to apply to fact situations like *Taylor.*

In that case, the claimant quit working in 1963. She did not file a claim, however, until after being told by competent medical authority in 1975 of her disease and its work-related cause. The statement above from *Taylor* was the Court's justification for deciding that plaintiff's claim was timely even though there was a twelve-year lapse between the date she stopped work and the time she received notice of her disease.

In the case *sub judice,* the plaintiff was not disabled until *after* notification of his disease and its cause, unlike *Taylor* where plaintiff's disability occurred twelve years *before* such notification. The rationale of *Taylor* was that

> our Legislature never intended that the statutory scheme of G.S. 97-58 would be construed to render time for notice and claim absurd. It is equally clear that our Legislature never intended that a claimant for workers' compensation benefits would have to make a correct medical diagnosis of his own condition *prior to notification* by other medical authority of his disease in order to timely make his claim.

300 N.C. at 102, 265 S.E. 2d at 149 (emphasis added). Since the decision in *Taylor* can be distinguished on its facts, we hold that plaintiff's claim was filed within two years following disability and thus not barred by the statute of limitations.

Moreover, it is inconceivable that our statutes and case law would dictate the harsh result of denying an employee's claim for occupational disease when disability is due to his employment, as in the case at bar, and his employer allows him to continue working for over two years after learning of the employee's work-related health problems. The opinion and award of the Industrial Commission is

Affirmed.

Judges HILL and JOHNSON concur.