LANDRUM E. CLARY, EMPLOYEE-PLAINTIFF v. A. M. SMYRE MANUFACTUR-
ING COMPANY, EMPLOYER-DEFENDANT, LUMBERMENS MUTUAL
CASUALTY COMPANY, CARRIER-DEFENDANT

No. 8210IC355

(Filed 15 March 1983)

1. **Master and Servant § 93.2— workers' compensation—exclusion of evidence at
limited hearing—consideration of such evidence at hearing on the merits**

    The exclusion of evidence concerning plaintiff's notice of byssinosis at a
limited hearing to determine whether defendants should pay for a medical ex-
amination of plaintiff did not preclude the consideration of such evidence in a
subsequent hearing to determine the merits of plaintiff's claim for compensa-
tion for byssinosis.

2. **Master and Servant §§ 68, 91— workers' compensation—claim for byssinosis
not timely filed**

    Plaintiff did not file his claim for disability from the occupational disease
byssinosis within two years of notification by competent medical authority of
the nature and work-related cause of his disease as required by G.S. 97-58(c)
where a doctor advised plaintiff in 1975 that he had byssinosis, and plaintiff re-
quested and received forms in January 1976 for filing a workers' compensation
claim for byssinosis, but plaintiff failed to file his claim until 15 June 1978.

3. **Master and Servant § 91— workers' compensation—claim for occupational disease—knowledge by employer—no estoppel to assert untimely filing**

Defendants were not estopped under G.S. 97-92(a) from asserting that plaintiff failed to file his claim for an occupational disease within the time permitted by G.S. 97-58 because defendant employer had prior knowledge of plaintiff's occupational disease.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 1 October 1981. Heard in the Court of Appeals 15 February 1983.

Plaintiff appeals from a decision that his claim for compensation for an occupational disease was barred by untimely filing.

*Frederick R. Stann for plaintiff appellant.*

*Edward L. Eatman, Jr., for defendant appellees.*

WHICHARD, Judge.

I.

On 15 June 1978 plaintiff filed a workers' compensation claim for "an occupational disease caused by exposure to cotton dust." The Commission made the following pertinent "findings of fact":

13. While the plaintiff was in a Veterans Administration Hospital in 1975 a doctor or doctors in that facility advised the plaintiff that he had byssinosis.

. . . .

29. The plaintiff was notified by competent medical authority of the nature and work-related quality of his disease (byssinosis) while he was in a Veterans Administration hospital in 1975.

. . . .

31. The plaintiff's claim for an occupational disease caused by exposure to cotton dust was not filed with the Industrial Commission within two years after he was notified by competent medical authority of the nature [and] work-related quality of his disease (byssinosis).

Based on these findings, it concluded that plaintiff's claim was not filed within two years after he was notified by competent

medical authority of the nature and work-related quality of his disease. It accordingly denied the claim.

Plaintiff appeals.

## II.

The evidence on which the foregoing findings and conclusions were based was as follows:

Plaintiff testified that he had been hospitalized in 1975. In response to a question as to whether at that time he had been "advised by the physicians that [he] had byssinosis," he stated: "One doctor said it. Yes, sir." In response to a question as to whether he had written the Industrial Commission in January 1976 "asking for one application for Workmen's Compensation benefits for byssinosis," he stated: "Yes, sir. The doctor from the hospital filled out the application for me." He also testified that in January 1976 he had received claim forms from the Commission.

The form ultimately filed reflects a filing date of 15 June 1978. The record does not reflect an earlier filing, nor does plaintiff contend that such occurred.

## III.

[1] The foregoing evidence regarding plaintiff's notice of byssinosis while hospitalized in 1975 was excluded at an 8 November 1978 hearing, presumably on the ground that it was without the scope of the limited purpose of that hearing, *viz.*, to determine whether defendants should pay for a medical examination of plaintiff. The commissioner hearing that matter allowed the evidence solely for the record.

When the matter came before another commissioner for determination of the claim itself, however, that commissioner considered the excluded evidence and made it the basis of his opinion and award, which was adopted by the full Commission. Plaintiff's essential contention is that the commissioner who ultimately determined the claim was "without authority to reverse the previous ruling" and could not "admit testimony that was properly excluded at a previous hearing presided [over] by another Deputy Commissioner."

The evidence had, however, properly been made a part of the record on the claim. Its appropriate exclusion on relevancy

grounds from one hearing, limited in scope, did not preclude its consideration in a subsequent hearing, broader in scope, to determine the merits of the claim itself. The evidence affirmatively disclosed a jurisdictional bar to the claim, which could "be taken advantage of at any stage of the proceedings . . . ." *Poythress v. J. P. Stevens*, 54 N.C. App. 376, 380, 283 S.E. 2d 573, 576 (1981). The commissioner determining the merits of the claim thus did not err in considering it, and the full Commission did not err in adopting its findings based thereon.

## IV.

[2]   G.S. 97-58(c) provides: "The right to compensation for occupational disease shall be barred unless a claim be filed with the Industrial Commission within two years after death, disability, or disablement as the case may be." "[T]he two-year time limit for filing claims under . . . G.S. 97-58(c) is a condition precedent with which claimants must comply in order to confer jurisdiction on the Industrial Commission to hear the claim." *Poythress v. J. P. Stevens*, 54 N.C. App. 376, 382, 283 S.E. 2d 573, 577 (1981), *disc. rev. denied*, 305 N.C. 153, 289 S.E. 2d 380 (1982). "[W]ith reference to occupational diseases the time within which an employee must give notice or file claim begins to run when the employee is first informed by competent medical authority of the nature and work-related cause of the disease." *Taylor v. Stevens & Co.*, 300 N.C. 94, 102, 265 S.E. 2d 144, 149 (1980) (interpreting G.S. 97-58(b)(c)). *See also McCall v. Cone Mills Corp.*, 61 N.C. App. 118, 300 S.E. 2d 245 (1983); *Payne v. Cone Mills Corp.*, 60 N.C. App. 692, 299 S.E. 2d 847 (1983).

The evidence set forth above, which was uncontroverted, establishes that a competent medical authority advised plaintiff in 1975 that he had byssinosis. It further establishes that in January 1976 plaintiff requested and received forms for filing a workers' compensation claim for byssinosis, thus indicating that at that time he was fully apprised of the work-related cause of his disease. The time for filing his claim begun to run, then, at the latest in January 1976; and the two year period prescribed for filing had expired when the claim was filed on 15 June 1978. This created a jurisdictional bar to the claim, and it thus was properly dismissed "as being time-barred." *Poythress, supra*, 54 N.C. App. at 385, 283 S.E. 2d at 579. *See also Taylor, supra; McCall, supra;* and *Payne, supra*.

## V.

[3] Plaintiff contends defendants are estopped from asserting the "defense" of G.S. 97-58 because defendant-employer had prior knowledge of plaintiff's occupational disease. The contention is without merit.

G.S. 97-58(c) does not establish a defense to a claim for workers' compensation, but "is a condition precedent with which claimants must comply in order to confer jurisdiction on the Industrial Commission to hear the claim." *Poythress*, 54 N.C. App. at 382, 283 S.E. 2d at 577. G.S. 97-92(a), which plaintiff asserts as the basis for his estoppel theory, does not relate to occupational *diseases*. It requires the employer to report occupational *injuries* to the Industrial Commission if the injury causes the employee's absence from work for more than a day. Plaintiff had the burden of timely filing his claim for occupational disease so as to confer jurisdiction on the Commission to consider it. The Commission properly concluded that he failed to carry this burden.

Affirmed.

Judges ARNOLD and BRASWELL concur.